TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Walter Lowe*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Lowe,<br><br>           Plaintiff,<br><br>   vs.<br><br>Experian Information Solutions, Inc., an Ohio corporation;<br>Equifax Information Services, LLC, a Georgia corporation; and<br>Carrington Mortgage Services, LLC, a foreign L.L.C.<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, WALTER LOWE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, et seq. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc., ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona; and

    c. Carrington Mortgage Services, LLC ("Carrington"), which, upon information and belief, is a foreign company that maintains a registered agent in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

6. Carrington Mortgage Service has placed a trade line with account number 700000…. ("Errant Trade Line") on Plaintiff's credit files with Experian and Equifax with a balance of $140,361.00 and a past due balance of $15,542.00. This trade line is bogus as it relates to a deficiency balance on the foreclosure sale of his home. Plaintiff's home was foreclosed on April 25, 2011.

7. Sometime in June of 2014, Plaintiff obtained his Experian and Equifax credit reports and noticed that the Errant Trade Line was reported with a balance due.

8. On July 22, 2014, Mr. Lowe submitted a letter to both Experian and Equifax, disputing the balance on the Errant Trade Line and explaining that no balance is owed due to Arizona's Anti-Deficiency statute.

9. Upon information and belief, Defendants Experian and Equifax each transmitted Mr. Lowe's consumer dispute to Carrington.

10. On August 26, 2014, Mr. Lowe submitted a dispute letter directly to Defendant Carrington, disputing the balance on the Errant Trade Line.

11. On September 15, 2014, Defendant Carrington Mortgage Services sent Mr. Lowe a letter which stated, "Please be advised that we have remitted an

3

electronic credit correction to the four major credit agencies in order to remove the prior current balance owed of $140,361.00 and the past due amount of $15,542.00 due to the Foreclosure Sale held on April 25, 2011."

12. On December 3, 2014, Mr. Lowe obtained a new Equifax and Experian credit report and noticed that the Errant Trade Line continued to be reported with a balance and past due amount.

13. On or about September 26, 2014, Mr. Lowe sent yet another letter to Defendants Experian and Equifax, disputing the balance on the Errant Trade Line.

14. On or about October 15, 2014, Mr. Lowe received results of Experian's investigation, which showed that it retained the balance of $140,361.00 and past due amount of $15,542.00 on the Errant Trade Line.

15. On or about January 31, 2015, Mr. Lowe received results of Equifax's investigation, which also showed that it retained the balance of $140,361.00 and the past due amount of $15,542.00 on the Errant Trade Line.

16. On or about March 4, 2015, Mr. Lowe sent yet another letter to Defendants Experian and Equifax in a final attempt to have the balance and past due amount removed from the Errant Trade Line.

17. Upon information and belief, Defendants Experian and Equifax transmitted Mr. Lowe's final consumer dispute to Defendant Carrington.

18. On or about March 18, 2015, Mr. Lowe received results of the investigation from both Experian and Equifax, which showed that the balance of $140,361.00 and the past due amount of $15,542.00 on the Errant Trade Line remained.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARRINGTON

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Experian and Equifax of Mr. Lowe's consumer disputes to the Errant Trade Line, Carrington negligently failed to conduct a proper reinvestigation of Mr. Lowe's disputes as required by 15 USC 1681s-2(b).

21. Carrington negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Equifax to remove the balance and past due amount on the Errant Trade Line.

22. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Lowe's consumer credit files with Experian and Equifax to which it is reporting such trade line.

23. As a direct and proximate cause of Carrington's negligent failure to perform its duties under the FCRA, Mr. Lowe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

5

24. Carrington is liable to Mr. Carrington by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Mr. Lowe has a private right of action to assert claims against Carrington arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Carrington for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARRINGTON

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Experian and Equifax that Mr. Lowe disputed the accuracy of the information it was providing, Carrington willfully failed to conduct a proper reinvestigation of Mr. Lowe's dispute.

28. Carrington willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Carrington's willful failure to perform its respective duties under the FCRA, Mr. Lowe has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Carrington is liable to Mr. Lowe for either statutory damages or actual damages that he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Carrington for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Lowe as that term is defined in 15 USC 1681a.

33. Such reports contained information about Mr. Lowe that was false, misleading, and inaccurate.

34. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Lowe, in violation of 15 USC 1681e(b).

35. After receiving Mr. Lowe's consumer disputes to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Lowe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Experian is liable to Mr. Lowe by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Lowe as that term is defined in 15 USC 1681a.

40. Such reports contained information about Mr. Lowe that was false, misleading, and inaccurate.

8

41. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Lowe, in violation of 15 USC 1681e(b).

42. After receiving Mr. Lowe's consumer disputes to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Lowe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Experian is liable to Mr. Lowe by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Lowe as that term is defined in 15 USC 1681a.

47. Such reports contained information about Mr. Lowe that was false, misleading, and inaccurate.

48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Lowe, in violation of 15 USC 1681e(b).

49. After receiving Mr. Lowe's consumer disputes to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Lowe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Mr. Lowe by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorney's fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Lowe as that term is defined in 15 USC 1681a.

54. Such reports contained information about Mr. Lowe that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Lowe, in violation of 15 USC 1681e(b).

56. After receiving Mr. Lowe's consumer disputes to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Lowe has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Mr. Lowe by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 4, 2015                    **KENT LAW OFFICES**

                                       By: */s/ Trinette G. Kent*
                                       Trinette G. Kent
                                       Attorneys for Plaintiff,
                                       Walter Lowe